# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 14-51157
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 19, 2015

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCOS ALBERTO BAUTISTA-AVELINO, also known as Marcos Gonzalez,

Defendant-Appellant

————

CONSOLIDATED WITH
CASE 14-51159

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCOS ALBERTO BAUTISTA-AVELINO, also known as Marcos Alberto Gonzales, also known as Marcos Alberto Bautista-Avelmo, also known as Marcos Albert Bautista-Avelino, also known as Marcos Alberto Avelino, also known as Marcos Avelino-Bautista, also known as Marcos Alberto Avelino-Bautista, also known as Marcos Bautista, also known as Marcos Alberto Bautista, also known as Marcos Bautista-Avelino, also known as Marcos Gonzales, also known as Marco Alberto Gonzalez, also known as Marco Gonzalez, also known as Marco A. Gonzalez,

Defendant-Appellant

————

No. 14-51157

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:14-CR-410-1
USDC No. 5:12-CR-480-1

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Marcos Alberto Bautista-Avelino was convicted of illegal reentry and sentenced to 30 months of imprisonment and three years of supervised release. Bautista-Avelino's supervised release imposed for a prior conviction was revoked, and he was sentenced to 24 months of imprisonment. Both sentences were ordered to run consecutively. Bautista-Avelino contends that the within-guidelines sentences were procedurally and substantively unreasonable.

We review Bautista-Avelino's procedural claims for plain error since he failed to object on these grounds in the district court. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). We review his substantive reasonableness challenges under the ordinary standard of review, assuming arguendo that he preserved these challenges.

The district court provided an adequate explanation of the sentences. *See Rita v. United States*, 551 U.S. 338, 356-59 (2007); *Whitelaw*, 580 F.3d at 261. Even if the district court erred in considering an impermissible 18 U.S.C. § 3553(a) factor in selecting the revocation sentence, *see United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011), the error did not affect Bautista-Avelino's substantial rights given that the district court considered other permissible § 3553(a) factors, *see United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51157

There are no reversible plain errors with respect to the procedural reasonableness of either sentence.

The district court was aware of Bautista-Avelino's mitigating arguments but imposed consecutive sentences at the top of the guidelines ranges primarily on account of Bautista-Avelino's criminal history.  In light of the presumption of reasonableness and deference owed to the district court's weighing of the § 3553(a) factors, Bautista-Avelino has failed to demonstrate any error, plain or otherwise, with respect to the substantive reasonableness of his sentences. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).  Finally, as Bautista-Avelino concedes, his argument that the presumption of reasonableness should not be applied because U.S.S.G. § 2L1.2 lacks an empirical basis is foreclosed.  *See United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009); *Mondragon-Santiago*, 564 F.3d at 366-67.

The judgments of the district court are AFFIRMED.